UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 15-00063 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| MICHAEL DEWAYNE WILLIAMS | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is the Government's Motion in Limine to Preclude Certain Evidence, Defenses and Argument (Record Document 53) relative to defendant Michael Dewayne Williams' ("Williams") interview not being recorded by the Federal Bureau of Investigation ("FBI"). The Government moves to prohibit Williams from offering evidence or policy-based arguments related to the fact his interview was not recorded because his constitutional rights were not violated and the policy[1] Williams relies upon in support of his argument is not applicable. See id.

In opposing the Motion in Limine, defense counsel clarified what he intends to urge before the jury on behalf of Williams:

1. The Policy was violated by the failure of the deputies, agents and prosecutors involved to consult and consider the recording of his interviews, and

2. That is was possible to record the interviews of Commissioner Williams and, the failure to do so resulted in the spoliation and failure to preserve critical evidence of what his precise statements were, the context in which they were made and specifically the oral and aural statements of the investigators and their other actions which elicited the statements.

Record Document 56 at 2. Williams does not dispute that he was not in custody at the time

---

[1] The policy referenced in the instant motion is the Department of Justice electronic recording policy that requires agents to record an interview if the interviewee is in custody. See Record Document 53 at 3.

of his October 2014 interviews.[2] See Record Document 56 at 4. He also does not contest that there was no legal requirement that the interviews be recorded and admits that his constitutional rights were not violated. See id. at 4-5. Instead, Williams points to a Department of Justice ("DOJ") policy encouraging agents and prosecutors to consider electronic recording in investigative or other circumstances where the presumption [that the statement will be electronically recorded] does not apply. See id. at 5. Defense counsel argues that how the statements of Williams were "preserved or failed to preserve . . . is both relevant and material to the jury's decision on how to receive, interpret and weigh this evidence." Id. at 4.

At the outset, the Court rejects the spoliation argument, as there is no evidence of intentional destruction of evidence by the Government's agents. Moreover, the Court finds that any argument relating to the violation of a DOJ electronic recording policy must be excluded. The DOJ policy did not require the agents to record the October 2014 interviews with Williams because he was not in custody. Thus, the DOJ policy is not relevant under Federal Rules of Evidence 401 and 402. Williams' argument relating to the DOJ policy encouraging agents and prosecutors to consider electronic recording in investigative cases where the presumption does not apply is likewise not an issue for the jury, as it is a discretionary policy and the Government has indicated that FBI Special Agent Ryan Allen did, in fact, consult with the lead prosecutor, Joseph Jarzabek, concerning the issue of whether to record the interviews. See Record Document 57 at 2, n. 1. While the defense is free to argue that the agents could have recorded the interviews, but failed to do so, this

---

[2]Williams was first interviewed on October 13, 2014 and then was re-interviewed a few days later. See Record Document 53 at 2.

Court believes that any reference to a DOJ electronic recording policy would confuse the jury and open the door for the jury to potentially engage in an improper policy debate.

Accordingly,

**IT IS ORDERED** that the Government's Motion in Limine to Preclude Certain Evidence, Defenses and Argument (Record Document 53) relative to Williams' interview not being recorded by the FBI be and is hereby **GRANTED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 29th day of February, 2016.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE