UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 15-00063 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| MICHAEL DEWAYNE WILLIAMS | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a Motion to Release Character Reference Letters (Record Document 92) filed by John E. Settle ("Settle"). Settle, a Caddo Parish taxpayer, seeks the release of certain character reference letters written in support of Defendant Michael Dewayne Williams and submitted on his behalf during sentencing. See id. Settle specifically requests the release of the letters written by the "Chief Financial Officer" for the Caddo Parish Commission ("CFO") and Dr. Woodrow Wilson, Jr. ("Wilson"), the Caddo Parish Commission Administrator. Settle argues:

> [T]he members of the Caddo Commission, and the general public as well, have a special interest in the Character Reference Letters of both the CFO and WILSON, and the public interest outweighs any expectation of privacy that either CFO and/or WILSON may have had in sending the letters.

Id. at 2-3.

Presentence reports, in their entirety, are confidential documents and there is a strong presumption against disclosing such reports to third-parties. See U.S. Dept. of Justice v. Julian, 486 U.S. 1, 12, 108 S.Ct. 1606, 1613 (1987); U.S. v. Huckaby, 43 F.3d 135, 137 (5th Cir.1995). Yet, the presumption of confidentiality is not absolute. See U.S. v. Preate, 927 F.Supp. 163, 166 (M.D. Pa. 1996). "A third-party seeking access to a presentence report may overcome the report's confidentiality by demonstrating that disclosure will 'serve the ends of justice,' or by establishing a 'compelling, particularized

need for disclosure.'"  See id., citing U.S. v. Schlette, 842 F.2d 1574, 1579 (9th Cir.1988); U.S. v. McKnight, 771 F.2d 388, 390 (8th Cir.1985); Huckaby, 43 F.3d at 138; and U.S. v. Corbitt, 879 F.2d 224, 239 (7th Cir.1989).  This standard requires the court to conduct a fact specific inquiry and to balance the need for confidentiality against the desirability of releasing a presentence report.  See id. 166-167 (citations omitted).  "The showing required of the party seeking disclosure will vary with the degree to which the need for confidentiality is present in a particular case."  Id. at 167 (citations omitted).  The decision of whether to grant a request for disclosure is committed to the sound discretion of the trial court and will be reviewed for abuse of discretion.  See id. (citations omitted).

     The Court begins its analysis by noting that Settle seeks the disclosure of character reference letters, not the contents of the PSR itself.  The privacy expectations of the authors of character reference letters are clearly less than those of the defendant as it relates to the contents of the PSR.  See Preate, 927 F.Supp. at 167 ("The showing required of the party seeking disclosure will vary with the degree to which the need for confidentiality is present in a particular case.").  Settle's proffered reasons for disclosure are that both the CFO and Wilson "are highly paid employees of the Caddo Commission" and "should have known of the severeness of the conviction of Williams, and that the same concerned public funds provided by the Commission to SWAG Nation."  Record Document 92 at 2.  The Court finds that the showing made in the motion establishes that disclosure will serve the ends of justice and/or that there is a compelling, particularized need for disclosure.  It is for these reasons that the Court will **GRANT** Settle's request.

     Settle attached portions of the Sentencing Transcript to his motion.  See Record Document 92-1.  During the sentencing, the Court referred to "a character reference letter

by the Chief Financial Officer for the Commission" and "a character reference letter from Dr. Wilson." Id. While it appears that the Court was referring to two different character reference letters, the Court was actually referring to the singular character reference letter written by Wilson, who serves as the Administrator and CEO of the Parish of Caddo. There was no character reference letter written by the CFO. Accordingly, the Clerk of Court is directed to unseal the character reference letter written by Wilson (Record Document 81 at 1-2).

**IT IS ORDERED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 24th day of August, 2016.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE